UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAWN GLOVER,

                Petitioner,

     v.

VICTOR HERBERT,

                Respondent.

DECISION & ORDER

01-CV-6366P

---

        On July 31, 2001, petitioner in the above-captioned case filed, *pro se*, a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Docket # 1). On March 26, 2003, petitioner moved to stay his habeas action in order to permit him the opportunity to return to state court to exhaust his remedies regarding an additional claim not included in the original petition. (Docket # 9). Petitioner's motion was denied on the grounds that it was premature because he had not submitted an amended complaint containing both exhausted and unexhausted claims (a "mixed petition"). (Docket # 11). Petitioner thereafter retained private counsel, who renewed the request for a stay and was granted several extensions of the deadline for filing a proposed amended petition. (Docket ## 12-18). Most recently, on September 16, 2004, this Court afforded petitioner until October 28, 2004 to request a stay and submit his proposed amended petition setting forth all his claims, exhausted and unexhausted. (Docket # 19).

        On November 1, 2004, petitioner filed the pending motion to stay this action.[1] (Docket # 20). The motion was accompanied by an attorney's affirmation outlining certain of the

---

[1] To the extent petitioner also moved for a four-day extension of time in which to file the pending motion to stay **(Docket # 21)**, such motion is **GRANTED**.

unexhausted claims petitioner was considering pursuing in state court, including a possible DNA claim. The affirmation also referenced several other unidentified claims that have not been exhausted. Petitioner failed, however, to submit a proposed amended petition with his motion.

The controlling law at the time petitioner's motion was filed was the Second Circuit's decision in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). In that case, the court held that a federal court presented with a mixed petition containing both exhausted and unexhausted claims may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" for a limited period of time to permit the petitioner to return to state court to exhaust the unexhausted claims. *Id.* at 381. Six months ago, the Supreme Court affirmed a district court's discretion to issue such a stay, but emphasized that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Specifically, the Court held that a stay is only appropriate when the district court determines that the petitioner had good cause for his failure to exhaust the state court claims, the unexhausted claims are not "plainly meritless" and there is no indication that petitioner is seeking to extend the litigation for dilatory purposes. *Id.*

In this case, petitioner has moved for a stay, although he has not yet presented the Court with a proposed amended petition. The appropriateness of petitioner's requested stay may be evaluated only by reviewing the specific unexhausted claims within the petition. Without such a "mixed petition" before it, the Court cannot determine whether the most appropriate course of action would be to stay the petitioner's exhausted claims to allow the opportunity to exhaust additional claims, to permit the withdrawal of the entire petition with leave to re-file a

new petition in which the additional claims are raised, or merely to proceed on the original petition. Neither can the Court determine, without reviewing the proposed amended petition, whether the unexhausted claims relate back to the original petition. Because the unexhausted claims have not yet been asserted, they would be time-barred under the one-year statute of limitations, *see* 18 U.S.C. § 2244(d), unless they relate back to the original petition. *See Ching v. United States*, 298 F.3d 174, 181 (2d Cir. 2002) ("Fed. R. Civ. P. 15(c) governs the timeliness of a motion to amend submitted after AEDPA's statute of limitations has expired"); *Fama v. Commissioner of Corr. Serv.*, 235 F.3d 804, 814-16 (2d Cir. 2000) (relation back doctrine applies to proceedings brought pursuant to 28 U.S.C. § 2254).

Judged under this authority, petitioner's motion for a stay (**Docket # 20**) must be **DENIED** without prejudice at this time. Should he wish to include those as yet unexhausted claims, he should file a motion to amend his petition and to stay the proceedings, accompanied by his proposed amended petition. His motion should demonstrate that a stay is appropriate under the more rigorous standard enunciated in *Rhines* and that the unexhausted claims relate back to the previously asserted claims. Such a motion shall be filed by no later than **October 31, 2005**. Considering the length of time this action has been pending, no further extensions of this deadline shall be granted. In the event that the required documents are not filed by that deadline,

this Court shall decide the claims asserted in the original, unamended petition and shall not consider any unexhausted claims.

**IT IS SO ORDERED.**

                  *s/Marian W. Payson*
                   MARIAN W. PAYSON
                   United States Magistrate Judge

Dated: Rochester, New York
    September  16 , 2005.